THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS E. JOUPPERI, Defendant-Appellant.

(No. 74-214; ■■■■■■■■■■■■■■■■■■

Second District (1st Division)—August 27, 1975.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was jointly indicted with Thomas M. Roop for attempt murder, attempt robbery and conspiracy. In a bench trial he was found guilty of attempt murder and subsequently entered a plea of guilty to attempt robbery, conspiracy and delivery of a controlled substance. He was granted a severance from the trial of his codefendant and on February 26, 1974, he was sentenced to 4-12 years for attempt murder, 2-6 years for attempt robbery, 1-3 years for conspiracy and 1-3 years for the charge of unlawful delivery of a controlled substance. No appeal was taken from the conviction of the delivery of the controlled substance.

Defendant has raised three issues in this appeal. The first is whether the indictment charging the defendant with attempt murder failed to state an offense. The second issue is whether the trial court erred when it imposed judgments of conviction and sentences upon the defendant for the two offenses of attempt robbery and conspiracy. The last contention of the defendant is that the sentences imposed were excessive.

L. Robert Magnuson, an undercover agent for the Illinois Bureau of Investigation (IBI), met the defendant at his residence and arranged for the delivery and purchase of a large quantity of amphetamines. After two more contacts by the undercover agent, arrangements were made to meet the defendant at his home on the night of June 27, 1973. Agents Magnuson, the undercover agent, and William Doster, another undercover agent, drove to the defendant's residence with $4000 in cash. Magnuson went to the door and advised Joupperi that he had the money. Joupperi agreed to count the money in the car, and after the money had been counted out by Doster, Joupperi invited the agents into the house to discuss the transaction in detail. The money was placed under the driver's seat, and Joupperi, Doster and Magnuson entered the Joupperi residence through the front door. When Magnuson entered the living room he saw an unknown man whom Joupperi identified as his brother from California. As Magnuson walked toward a couch, the unknown man, who later was identified as John Graham, struck Doster in the head,

knocking him back into the bedroom. As Agent Magnuson observed this he drew his gun, but before he could fire it he was shot by Thomas M. Roop, the third man in the Joupperi residence. Agent Doster shot and killed John Graham and Agent Magnuson wounded Thomas Roop in the shoulder. Joupperi and Roop ran from the house and were apprehended by backup personnel for the two undercover agents.

On defendant Joupperi's motion, a severance was granted and, on a plea of not guilty in a bench trial, the defendant was found guilty of attempt murder. On the same date the defendant withdrew his plea of not guilty to the charges of attempt robbery and conspiracy and entered a plea of guilty to the same. On February 26, 1974, he was sentenced on all three charges.

In the bench trial wherein the defendant was found guilty of attempt murder, the defendant testified that he never intended to obtain the amphetamines for Magnuson but that his intent was to take the $4000 from Magnuson and Doster and that he had requested John Graham and Thomas Roop to help him take the money from the men and that they would then split the proceeds. The defendant further testified that he knew that Roop had a gun but that he did not expect that it would be used except for the purpose of holding Magnuson and Doster at bay while they took the money. The defendant, Graham and Roop did not know at any time that Magnuson and Doster were IBI agents. The defendant also made the above statement to the Aurora police department at the time of his arrest.

Defendant asserts that the indictment herein is clearly sufficient to charge Thomas Roop with the offense of attempt murder but it does not charge defendant Joupperi with that offense. In support of this contention defendant contends that there is no description of defendant Joupperi's intent to commit the substantive offense of murder or a substantial step taken by him in furtherance thereof. In support of this contention the defendant has cited *People v. Woodward* (1973), 55 Ill.2d 134, 302 N.E. 2d 62, and *People v. Richardson* (1965), 32 Ill.2d 497, 207 N.E.2d 453. We find that neither of these cases support the argument of the defendant. The substance of these two cases deals with the necessity of alleging an intent to commit a specific offense and a substantial step towards commission of that offense in indictments charging an attempt. In neither case was the question of an accomplice or codefendant involved.

The supreme court has specifically covered the situation we find in the case before us in *People v. Kessler* (1974), 57 Ill.2d 493, 315 N.E.2d 29; *People v. Hubbard* (1973), 55 Ill.2d 142, 302 N.E.2d 609; *People v. Armstrong* (1968), 41 Ill.2d 390, 243 N.E.2d 825, and *People v. Cole* (1964), 30 Ill.2d 375, 196 N.E.2d 691. In *People v. Kessler* the supreme

court, in quoting from *People v. Cole,* made the following statement:

"Stated differently, circumstances may show there is a common design to do an unlawful act to which all assent, and whatever is done in furtherance of the design is the act of all, making each person guilty of the crime. *People v. Rybka,* 16 Ill.2d 394; *People v. Marx,* 291 Ill. 40; *People v. Washington,* 26 Ill.2d 207, 209." 57 Ill.2d 493, 498, 315 N.E.2d 29, 32-33.

In *Kessler* the defendant Kessler was the driver of the car where two other defendants entered the premises and shot one of the proprietors. The defendant Kessler remained in the motor vehicle outside the premises. In the case before us, the defendant not only was the perpetrator of the plan to take the money from Magnuson and Doster by armed force but he was physically present and a party to the shooting and striking of the two IBI agents. We agree with the State's attorney in his statement that in order to convict the defendant of attempt murder in this case that it was not necessary to prove that the defendant had a specific intent to commit attempt murder or committed an overt act in furtherance thereof. It was only necessary to prove a common design to commit robbery which encompassed the criminal act of attempt murder done in furtherance of the plan and intended act. We, therefore, find *Kessler* to be controlling in the factual situation before us and that defendant's argument that the indictment was not such as to enable him to fully prepare for his defense is without merit. As he well knew, he was charged with the attempt murder of the agent Magnuson as an aider and abetter of defendant Roop. We feel that the indictment clearly states the offense with which defendant was charged under the elements of accountability as set forth in sections 5—1 and 5—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, §§ 5—1 and 5—2).

■■ The next contention of the defendant is that the trial court erred in imposing sentences upon the convictions of attempt robbery and conspiracy where the defendant was convicted of attempt murder. Since the filing of the briefs herein, the supreme court has overruled this court in *People v. Hickman* (1973), 56 Ill.2d 175, 306 N.E.2d 32. In *Hickman* we find a similar situation factually to the one before us in the instant case. There the proprietor of a liquor store was shot in an attempted robbery, and the defendant was charged with and convicted of both attempt murder and attempt robbery. The supreme court, in reversing the conviction of attempt robbery, stated:

"While we have determined that defendant's guilt was properly established, we find that the judgment entered for attempted armed robbery must be reversed. In *People v. Prim,* 53 Ill.2d 62, 78, we held that a multiple concurrent sentence for attempted armed

robbery could not be imposed in conjunction with a sentence for murder. We find that under the factual situation herein the rationale of *Prim* is applicable." (56 Ill.2d 175, 186, 306 N.E.2d 32, 38.)

(See also *People v. Prim* (1972), 53 Ill.2d 62, 289 N.E.2d 601.) The indictment herein alleges that the conspiracy occurred on the same date as the attempted robbery and attempt murder. We find that *People v. Hickman* and *People v. Prim* are controlling and are applicable to both the offenses of attempt robbery as well as conspiracy, resulting in the attempt murder. The convictions and sentences for attempt robbery and conspiracy must, therefore, be vacated.

■■ The last contention of the defendant herein is that the sentence imposed for attempt murder, *i.e.*, 4-12 years, is excessive. The first part of this contention is that the maximum sentence imposed was excessive because the trial judge was under the mistaken belief that the maximum sentence to be imposed for attempt murder was required to be 3 times the minimum. The defendant points out that this statement of the law was acquiesced in both by counsel for the State and for the defendant. At the outset it is to be noted that attempt murder is a Class 1 felony, subject to a maximum sentence of any term in excess of 4 years. (See Ill. Rev. Stat. 1973, ch. 38, §§ 8—4 and 1005—8—1.) The sentence imposed is, therefore, within the statutory limits. (See *People v. Hickman*, where the supreme court held that a sentence of 10-20 years for attempt murder was proper and not excessive.) In consideration of the facts in this case, we find that despite the sentencing judge's mistaken belief as to the applicable law, the sentence herein imposed was not excessive.

The defendant further states that the minimum sentence imposed on the defendant for attempt murder is excessive and has quoted in part section 8—4(c) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 8—4 (c)), which reads as follows:

"A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but * * *

(1) the *sentence* for attempt to commit murder shall not exceed the *sentence* for a Class 1 felony." (Emphasis added.)

The sentence herein imposed does not exceed that for a Class 1 felony and is not excessive.

The convictions and sentences for attempt robbery and conspiracy are vacated. The conviction and sentence for attempt murder is affirmed.

Affirmed in part; vacated in part.

SEIDENFELD, P. J., and HALLETT, J., concur.