THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY ATHEY, Defendant-Appellant.
Fourth District   No. 13086

Opinion filed November 10, 1976.—Rehearing denied December 3, 1976.

Richard J. Wilson, Thomas Nelson, and Richard J. Geddes, all of State
Appellate Defender's Office, of Springfield, for appellant.

No brief filed for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

An Edgar County jury found the defendant, Gary Athey, guilty of attempt murder in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and of aggravated battery in violation of section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4). The Circuit Court for the Fifth Judicial Circuit, Edgar County, entered judgment on both verdicts and, since both offenses arose from the same conduct, sentenced the defendant to 4 to 8 years in the penitentiary for the most serious offense. The defendant appeals, alleging that he was not proved guilty beyond a reasonable doubt, that the trial court erred in refusing to give a defense instruction concerning self-defense and that the court misunderstood the minimum sentence it could impose for attempt murder.

On May 2, 1974, the defendant was seen carrying a shotgun along Main Street in Paris, Illinois. Three Paris police officers, Officers McKenna, Gosnell and Nicholas, investigated and apprehended one Cliff Rigsby who was unarmed and seen running along Main Street. Rigsby said he was looking for the defendant so Gosnell remained with Rigsby while McKenna and Nicholas searched for the defendant.

McKenna located the defendant at the rear of a nearby apartment building and arrested him for disorderly conduct. McKenna and Nicholas attempted to handcuff the defendant who was trying to escape on foot. McKenna tried to prevent the defendant's escape by tripping him, however, both officers and the defendant fell to the ground. As they fell McKenna felt a slapping on his holster, and saw his .357 magnum service revolver fall to the ground.

Once on the ground, defendant placed his hand on the loose revolver as he continued to struggle. Officer McKenna's hand was also on the barrel and cylinder of the gun when he felt the cylinder turn in response to someone's pull on the trigger. Defendant at that time was gripping the stock of the gun with his left hand. The revolver discharged and McKenna felt a pain in his right hand which, upon later investigation, turned out to be a powder burn. Trooper Frank Barnhart of the Illinois State Police, who had just arrived at the scene, thought he had been hit in the left foot by the bullet or rock fragments that necessitated removal by a physician.

Immediately after the shooting, defendant repeatedly shouted, "You fucken [*sic*] pigs, I'll kill you motherfuckers." McKenna was then able to pull the revolver from the defendant and throw it from the scene.

## I.

The State failed to file a brief in this appeal, however, there is no rule requiring *pro forma* reversal for failure to file a brief in this court.

Supreme Court Rule 352 (58 Ill. 2d R. 352) provides the only sanction for failure to file a brief on appeal. Rule 352 states, in pertinent part that "* * * [n]o party may argue unless he has filed his brief as required by the rules * * *." Our supreme court, however, has recently stated that:

> "* * * the judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal.
>
> * * *
>
> We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493, 494-95.)

Accordingly, we have reviewed the record and defendant's brief in order to determine the merits of this appeal.

## II.

■■ Defendant alleges that his guilt was not proved beyond a reasonable doubt. Section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) states:

> "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

In order to sustain the charge of attempt murder, the State must therefore prove that the defendant took a substantial step toward the commission of murder with the specific intent to cause the victim's death. The rule is well settled that intent is a state of mind that, if not admitted, can be established by the surrounding circumstances. Also:

> "Since every sane man is presumed to intend all the natural and probable consequences flowing from his own deliberate act, it follows that if one willfully does an act, the direct and natural tendency of which is to destroy another's life, the natural and irresistible conclusion, in the absence of qualifying facts, is that the destruction of such other person's life was intended. (*People v.*

*Coolidge,* 26 Ill. 2d 533, 537; *People v. Koshiol,* 45 Ill.2d 573, 262 N.E.2d 446, *cert. denied,* 401 U.S. 978." (*People v. Hammonds* (1973), 12 Ill. App. 3d 340, 345, 297 N.E.2d 748.)

To sustain a charge of attempt murder, the prosecution must prove facts which, if established after a death has resulted, would prove the accused guilty of murder. *People v. DeSavieu* (1973), 14 Ill. App. 3d 912, 918, 303 N.E.2d 782.

The testimony introduced at trial in the instant case clearly shows that the defendant was gripping the revolver's stock when Officer McKenna felt the cylinder turn. The testimony also shows that the defendant initiated and continued the struggle with the officers which precipitated the discharge of the gun. Immediately after the shooting, the defendant repeatedly shouted, "You fucken [*sic*] pigs, I'll kill you motherfuckers."

It is our opinion that the circumstances set forth above clearly support the strong inference that the defendant fired Officer McKenna's service revolver with the specific intent to commit murder. Accordingly, we find that the evidence presented at defendant's trial was sufficient to prove his guilt beyond a reasonable doubt.

### III.

The trial court instructed the jury on the question of defendant's right to resist arrest as follows:

"A person is not authorized to use force to resist an arrest which he knows is being made by a [peace officer] even if he believes that the arrest is unlawful and the arrest in fact is unlawful." (Illinois Pattern Jury Instructions, Criminal No. 24.20 (1968) (hereinafter cited as IPI Criminal).)

The court refused to give defendant's Instruction No. 8 which read:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend [himself] against the imminent use of unlawful force." IPI Criminal No. 24.06, modified.

A defendant is entitled to an instruction on the theory of justifiable use of force if evidence is introduced from which a jury might find each of the necessary elements of the affirmative defense. (*People v. Stombaugh* (1972), 52 Ill. 2d 130, 284 N.E.2d 640.) The trial testimony in the instant case, however, does not reflect that the arresting officers used excessive force which would justify defendant in resisting arrest. The defendant's testimony viewed in its most favorable light merely establishes that a police officer pointed his gun at defendant while subduing him. Defendant stated that he was resisting arrest in order to avoid a pistol-whipping by Officer McKenna. This testimony, however, was contradicted by McKenna's testimony that defendant initiated the struggle over the service revolver. Defendant did not allege that

McKenna made a threatening movement that would lead defendant to fear a pistol-whipping. Rather, defendant stated that he had only heard stories about McKenna pistol-whipping someone.

The Commiteee Comments to section 7—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 7—7) state that section 7—7(a) "does not apply to the situation in which the officer uses excessive force: whether the arrest is lawful or unlawful, the officer's use of excessive force invokes the right of self-defense stated in section 7—1." The Comments further state that "[t]he public interest in discouraging violence and insisting upon the use of peaceable methods of obtaining release from unlawful arrest clearly outweights the recognition of the feeling of the individual."

■■ In viewing the evidence in the light most favorable to the defendant, we fail to find any basis on which a jury might find the necessary elements of the defense of justifiable force. The evidence reflects that the arresting officers were attempting to have the defendant submit to a peaceful arrest and defendant had no reasonable grounds to believe otherwise. Accordingly, we find no error in the trial court's giving IPI Criminal Instruction No. 24.20 to the jury instead of IPI Criminal Instruction No. 24.06, modified.

## IV.

Defendant finally alleges that he is entitled to a new sentencing hearing because he was sentenced to a term of 4 to 8 years in the penitentiary on the trial court's misapprehension that the minimum term allowable for attempt murder is 4 years. Defendant cites section 8—4(c) of the Criminal Code of 1961, which states:

> "A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but * * *, (1) the sentence for attempt to commit murder *shall not exceed the sentence for a Class 1 felony * * *.*"
> Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c). (Emphasis added.)

In the instant case, the trial court stated at the time of sentencing:

> "The legislature has specifically provided under the attempt section that a person found guilty of the offense of attempt murder shall be sentenced not to exceed the sentence for a Class 1 felony. *It further provides that the sentence for a Class 1 felony shall be a minimum of no less than four years and no limit to the maximum.*"
> (Emphasis added.)

No case has considered the question of the minimum sentence that may be imposed for attempt murder. The defendant cites and discusses *People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596, and *People ex rel. Weaver v. Longo* (1974), 57 Ill. 2d 67, 309 N.E.2d 581, in which our supreme court categorized an attempt to commit an offense as one

class beneath the classification into which the offense would have fallen had the accused completed the crime. Neither of these cases presented the issue argued in the instant appeal and language therein concerning sentencing for the offense of attempt must be considered dicta and not controlling authority.

■■ The clear language of section 8—4(c) places a limit on the maximum sentence that may be imposed for attempt murder. Section 8—4(c) does not place a limit on the minimum sentence that may be imposed for the offense. Since the trial judge stated that the mandatory minimum sentence for attempt murder was 4 years, we are compelled to reverse the sentence he imposed. Accordingly, we hold that section 8—4(c) sets no limitation on the minimum term of imprisonment to be imposed for attempt murder and we further hold that the minimum sentence to be imposed for attempt murder shall be left to the sound discretion of the trial judge in accordance with section 8—4(c).

Conviction affirmed. Sentence reversed and remanded for resentencing in conformity with this opinion.

SIMKINS, P. J., and GREEN, J., concur.