THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILES T. WOOD *et al.*, Defendants-Appellants.

First District (5th Division)  No. 76-1233

Opinion filed October 14, 1977.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendants, Miles T. Wood and Paul P. Bojko, were convicted, following a jury trial, of attempt murder, sentenced to 4 to 6 years in the penitentiary and assessed $100 costs. (Ill. Rev. Stat. 1975, ch. 38, par. 8—4.) On appeal, defendants contend: (1) they were denied a fair trial because the trial court prevented them from testifying fully to explain the reasons they fled the scene of the incident in question; (2) the cause should be remanded for resentencing because the trial court erroneously believed the minimum term of imprisonment for attempt murder was 4 years; and (3) imposition of court costs on them was improper because it was based on an unconstitutional statute (Ill. Rev. Stat. 1975, ch. 38, par. 180—3).

Joseph Hrncic testified that on February 12, 1974, he went to the N & D Tap, 835 North Western Avenue, where he stayed several hours and consumed three bottles of beer. He was waiting for a bus to go home on the corner of Western Avenue and Iowa, when defendants approached him and pulled knives. Hrncic said he did not have a knife. A scuffle ensued and Hrncic ran back toward the tavern and kicked the back door. Woods, however, pursued him and stabbed him in his back as he was trying to open the door. He told a man who opened the door to call the police and an ambulance because he had been stabbed.

Daniel Piovosi, a United States Secret Service agent, was a customer in the tavern that night and met Hrncic. He later observed Hrncic at the door, holding his back saying, "Call the police. I have been stabbed." Piovosi grabbed Hrncic, looked up and saw the two defendants running across Western Avenue in front of the tavern. This witness shouted that he was a police officer and pursued them. He was able to apprehend Bojko. A short time later Wood returned to the tavern where a crowd had gathered and he was arrested.

Juan Perez testified he was driving on Western Avenue and stopped for a traffic light. He observed defendants approach Hrncic at the bus stop. A nearby street light enabled this witness to observe the scuffle and identify defendants. Perez did not see a weapon in Hrncic's hands but saw

something shiny in Wood's hand. He observed Hrncic run to the bar, the two defendants chase him, and Wood stab Hrncic in the back. Wood then said, "Let's get out of here," and the men started running south. Perez pursued in his car and heard Bojko say, "Come on. Move." He also observed Piovosi exiting the bar and saying, "Stop, or I shoot you"; and he saw Bojko's arrest. Shortly thereafter, Wood appeared at the tavern where a crowd had gathered and said, "What is going on?" Perez identified Wood to the police at that time and Wood was arrested.

Defendants testified they met at a restaurant about 8:30 p.m. on the day of the occurrence and then went to Gosser's tavern at 921 North Western Avenue. They met Hrncic and another man who was with Hrncic and played pool together until about 11 p.m. and then left the tavern. When defendants passed Hrncic waiting for a bus with the other man, Hrncic swore at them in English and Polish, called them names and eventually started throwing punches. A scuffle ensued during which Hrncic pulled a white, pearl-handled knife and tried to strike Bojko. At this time Hrncic was by the tavern door and was turning around to strike at him again, when Bojko stabbed Hrncic.

Bojko testified that as defendants started walking away after the stabbing, he turned and saw a man near the corner yelling, "Help" and "Get those two." Other people then started coming out of the tavern. A State objection was sustained concerning what the other men said as they came out of the tavern. Defendants' offer of proof reiterated that several unidentified men had made statements similar to the aforesaid remarks causing defendants to immediately run from the scene. The court ruled there was ample evidence concerning what occurred after the stabbing without allowing "hearsay" evidence of what unidentified individuals said. Bojko then testified that the men coming out of the tavern were running at defendants, and the secret service agent then said, "Halt or I will shoot." When Bojko saw this man had a gun pointed at him, he dropped a knife and was arrested.

Bojko further said he told the police that someone had attacked him with a knife. He denied that he told the police he did not remember what happened or that he had no knowledge of the stabbing. Wood also testified they were walking away from the tavern until he saw some men coming out of the tavern and running at them. One of the men had a gun and defendants then started running. He saw Bojko arrested and decided to go back to the tavern where he was arrested. Wood did not remember talking to an investigator or making any statements.

In rebuttal, the State presented the testimony of the owner of the N & D tavern who testified Hrncic was in the tavern he owned from 8 p.m. to 11 p.m. that night. The owner of the tavern at 921 North Western Avenue,

described by defendants as "Gosser's" tavern, testified he knew Hrncic and that he was not in the tavern on the night of February 12, 1974, at any time. Chicago Police Officer Robert Wasmund testified in rebuttal that he interviewed both defendants at approximately 1:45 a.m. on February 13, 1974. Both defendants denied that they stabbed Hrncic or that they had knives and said they did not know anything about the stabbing.

■■ Defendants first contend that they were prohibited from introducing evidence to explain why they fled the scene. Such evidence is admissible. (*People v. Davis* (1963), 29 Ill. 2d 127, 193 N.E.2d 841.) In this case defendants offered to prove that the men coming out of the tavern acted in a menacing manner toward them thereby establishing a reason for defendants' flight. Bojko, however, was allowed to testify that a man standing on the corner yelled "Help" and "Get those two." The trial court ruled that the circumstances surrounding defendants' flight were sufficiently before the jury. We are of the opinion that the evidence should have been admitted, but that the error was not prejudicial and the outcome of the trial was not affected in view of the overwhelming evidence against defendants. Hrncic positively identified both defendants and his account was corroborated by Perez, who was able to see defendants' attack. The version proffered by defendants that they were in a different bar with Hrncic and another man playing pool was contradicted by the testimony of the owners of both bars. Defendants' statements to the police contradicted their testimony at trial. The jury was not instructed concerning any inference it should draw from the fact that defendants fled. (Illinois Pattern Jury Instructions, Criminal, No. 3.03 (1968).) Under the circumstances, it is unlikely that flight was a critical factor in the determination of guilt. Defendants' guilt was proved beyond a reasonable doubt by other competent evidence and exclusion of the testimony was not reversible error. *People v. Stahl* (1962), 26 Ill. 2d 403, 406, 186 N.E.2d 349.

■■ Defendants next contend the trial court improperly interpreted section 8—4(c)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(1)) as requiring a minimum four year sentence for attempt murder. That section provides "the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony." The minimum penitentiary term for a Class 1 felony is four years. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1.) Defendants rely on *People v. Athey* (1976), 43 Ill. App. 3d 261, 265-266, 356 N.E.2d 1332, *appeal denied* (1977), 67 Ill. 2d 182, in which the Fourth District Appellate Court held section 8—4(c)(1) sets no limitation on the minimum term of imprisonment for attempt murder, thereby permitting imposition of a minimum penitentiary sentence of less than four years. *Athey* has been

followed by the Third District Appellate Court in *People v. Brooks* (1977), 50 Ill. App. 3d 4, 364 N.E.2d 994.

However, the Fifth District Appellate Court in *People v. Joupperi* (1975), 31 Ill. App. 3d 558, 562, 334 N.E.2d 846, and this court in *People v. MacRae* (1977), 47 Ill. App. 3d 302, 361 N.E.2d 685, have adopted the position that the minimum term of incarceration for attempt murder is four years. We adhere to *MacRae* and reject defendants' argument.

■■ Defendants' final contention is that the statute imposing costs is unconstitutional. (Ill. Rev. Stat. 1975, ch. 38, par. 180—3.) This argument was rejected in *People v. Estate of Scott* (1977), 66 Ill. 2d 522, 363 N.E.2d 823, and further consideration of the matter is unnecessary.

Accordingly, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

SULLIVAN, P. J., and WILSON, J., concur.