THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONNIE HAMILTON, Defendant-Appellant.

Third District   No. 78-80

Opinion filed September 29, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Ronnie Hamilton was tried by a jury on charges arising out of a shooting incident. According to the evidence, defendant met a group of three women and one man in a bar in Joliet and followed them to their car when they left. After they refused to let defendant go for a ride with them, he shot the man and one of the women. In the course of the attack defendant fired six or eight shots, one of which struck the man in the eye. He chased one of the women and after he caught her, he shot her in the temple while holding the gun to her head. Both victims survived and testified at trial for the State. Defendant presented no evidence. The jury returned a verdict of guilty of armed violence and attempt murder.

At the sentencing hearing the State commented on the violence of defendant's unprovoked attack and recommended that defendant be given an 18- to 45-year sentence for attempt murder and 3 to 10 for armed violence. Defense counsel pointed out that defendant was only 18 years old at the time of the offense and had no prior criminal record and then recommended a minimum sentence for the armed violence charge and

probation with six months in jail for the attempt murder. In the course of his argument, defense counsel stated that defendant was facing a four-year minimum because attempt murder is a Class 1 felony, and neither the prosecutor nor the court corrected him although in fact the applicable statute (Ill. Rev. Stat. 1977, ch. 38, par. 8—4(c)(1)) provides only that the maximum sentence for attempt murder shall not exceed the sentence for a Class 1 felony.

At the conclusion of the hearing, the trial court sentenced defendant to a term of 3 to 10 years for armed violence to run concurrently with a 14- to 30-year term for attempt murder. Defendant appeals, contending first, that the attempt murder sentence was imposed under a mistaken notion as to the applicable statutory minimum and second, that both sentences should be reduced.

Defendant theorizes that, since the trial court did not comment upon defense counsel's erroneous statement concerning a mandatory four-year minimum sentence for attempt murder, the court must have agreed with the statement; therefore, the 14- to 30-year sentence was predicated upon a misapprehension of law which justifies a remandment for resentencing. Such a result was reached by this court in *People v. Brooks* (3d Dist. 1977), 50 Ill. App. 3d 4, 364 N.E.2d 994, where the trial judge in imposing a 10- to 30-year sentence for attempt murder, expressly used a four-year mandatory minimum as a point of reference. (See also *People v. Athey* (4th Dist. 1976), 43 Ill. App. 3d 261, 356 N.E.2d 1332.) Defendant insists that the principles asserted in *Brooks* apply to the present case even though the record here does not indicate that the trial judge relied on an erroneous interpretation of the statute.

■■ We believe defendant's argument to be ingenious but unpersuasive. In the first place, defendant cannot inject an erroneous statement of law into an argument before the trial court and then rely on his own error to obtain a reversal on appeal. (*Cf. People v. Robertson* (3d Dist. 1975), 34 Ill. App. 3d 762, 340 N.E.2d 213.) In the second place, an appellant is responsible for providing a record which shows the errors claimed. Where the record is incomplete, or is silent, a reviewing court will invoke the presumption that the trial court ruled or acted correctly. (*E.g., People v. Le Blanc* (3d Dist. 1976), 41 Ill. App. 3d 287, 354 N.E.2d 10.) Hence, we must decline to infer that the court was acting under a misapprehension of law.

■■ Defendant also argues that the trial court abused its discretion in bestowing such lengthy sentences in view of defendant's age and absence of a prior record. We disagree. The crimes committed by defendant were brutal and vicious, and when he shot his victims in the head at close range, he obviously sought to kill. Under these circumstances, we believe the penalty assessed was appropriate. See *People v. Martin* (3d Dist. 1978), 58 Ill. App. 3d 915, 374 N.E.2d 1156.

For the reasons stated we affirm the judgment of the Circuit Court of Will County.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.