THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BERNICE MARIE YOUNG, Defendant-Appellant.

Third District   No. 80-7

Opinion filed July 22, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, Bernice Marie Young, from her conviction for prostitution in a bench trial had before the circuit court of Peoria County. As a result of being found guilty of prostitution, the defendant was sentenced to a term of 364 days' imprisonment.

Prior to trial the defendant waived a jury trial. However, the only evidence of the waiver in the record is an interim order stating "jury waived" and a document signed by the defendant entitled "Waiver of Trial by Jury and Plea of Not Guilty." The defendant now argues that this is an insufficient record to establish an understanding waiver.

■■ Every person accused of an offense shall have the right to a trial by

jury unless understandingly waived by defendant in open court. (Ill. Rev. Stat. 1977, ch. 38, par. 103—6.) While this court has determined that the trial court is responsible for insuring that the waiver was made expressly and understandingly (*People v. Walton* (1979), 77 Ill. App. 3d 905, 396 N.E.2d 841), we have never said it is the responsibility of the trial court to preserve the record for the defendant's appeal. Certainly where the record is silent as to jury waiver (see *People v. Banks* (1979), 71 Ill. App. 3d 15, 389 N.E.2d 180), or where the report of proceedings does not demonstrate an understanding waiver even though there is a docket entry to that effect (see *People v. Coleman* (1978), 59 Ill. App. 3d 1050, 376 N.E.2d 277), a reviewing court will find that the defendant has demonstrated an absence of an effective jury waiver. But it is the defendant's responsibility to provide a record which shows the claimed error (see *People v. Hamilton* (1978), 64 Ill. App. 3d 276, 381 N.E.2d 74), and where the only record of waiver is a docket entry which is not contradicted by any other portion of the record, a presumption will be invoked that the trial court ruled or acted correctly.

At the trial the State relied on two witnesses. David Canoss, an investigator with the Peoria police department, testified that he talked with the defendant at the detective bureau around 11:30 p.m. on May 31, 1979, while investigating a theft from Jimmy Vance which occurred at the Imperial 400 Motel. Describing his first conversation with the defendant, Canoss testified that the defendant said that she, Annette and a third woman had engaged a man for prostitution and arranged to commit the acts at the motel. The other two women initially engaged Vance, and the defendant then met with them at a house on Aiken Alley. They proceeded to the motel by cab and motorcycle. While there, the other two women departed and the defendant followed.

Canoss then described the third statement by the defendant on the night of May 31-June 1, 1979, a written statement. According to Canoss, the defendant stated that she committed an act of prostitution in that she engaged in oral sex with Vance for which she received $23. The defendant indicated that the money changed hands at the house on Aiken. On cross- and redirect examination, Canoss recited verbatim one portion of the written statement in which it was clearly admitted by the defendant that she performed an act of deviate sexual conduct for money.

Vance testified that he met two women around 6 p.m. on May 31, 1979, and accompanied them to a house where he met the defendant. Vance was in a bedroom with the two women and one of them brought the defendant in and asked if it would be alright for her to join them. The defendant said nothing, and Vance said yes. Vance did not like the house since it was dirty and asked the women to go elsewhere. One woman rode

to the Imperial 400 with Vance on his motorcycle while the second woman asked for money for the taxicab and "for some money for this other lady." Vance gave the woman some money for her and for the cab fare, but did not see any of it being given to the defendant.

Before entering the motel, the three women asked Vance if he was ready to have a good time and he said yes. Vance entered the motel, obtained a room and went to it. The three women then joined him. Vance then showered and hid some money in the bathroom. When he rejoined the women the defendant was having a drink and one of the other women was naked. The defendant asked Vance if he would like to lie down on the bed and he responded affirmatively. Vance lay down and the defendant performed an act of oral sex on him. The other two women entered the bathroom and then went to the window of the apartment after the naked woman again got dressed. The two women then left the room and the defendant ran out behind them.

The defendant argues that this evidence was insufficient to prove her guilty beyond a reasonable doubt of agreeing to perform an act of deviate sexual conduct because the defendant's statement was not corroborated by sufficient independent proof. We disagree, because the defendant's statements clearly establish that she agreed to perform an act of deviate sexual conduct for money. Although there must be substantial corroboration of the defendant's alleged admission as to the elements of the *corpus delicti* (*People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795; *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398), we believe there is.

As related to the police, the defendant's version of the incident is similar to the testimony of Vance. They met at a house on Aiken Alley. There money changed hands and there was an agreement that they would meet again at the hotel so that the defendant could perform the sexual act. This agreement, although no express agreement is established by Vance's testimony, can certainly be implied from the circumstances, for the defendant did meet with Vance at the hotel and did perform a deviate sexual act. As a result the defendant was proved guilty beyond a reasonable doubt.

Lastly, the defendant challenges the sentence imposed as being excessive. The sentence imposed is the maximum for the offense of prostitution. Ill. Rev. Stat. 1979, ch. 38, pars. 11—14(b), 1005—8—3(a)(1).

The presentence report revealed that the defendant, who was born on July 20, 1960, had five prior convictions for prostitution and one for soliciting for a prostitute. The first two convictions were entered after a plea of guilty on January 18, 1978, and the defendant received a sentence of one year probation and 16 days in the county jail. The second two convictions were entered after guilty pleas on June 16, 1978, and the defendant was sentenced to concurrent terms of 60 days in the Peoria

County jail. The last two convictions were entered after guilty pleas on January 26, 1979, and the defendant was sentenced to concurrent terms of six months' imprisonment in the Department of Corrections.

The report also showed that the defendant had never been married, but that she had a three-year-old child who was in the custody of the defendant's aunt. The defendant wanted to regain custody of her child. The defendant was also six months pregnant at the time of the report.

The defendant was an elementary school graduate with a good record in school and had obtained some high school credits. The defendant's employment record showed a job as a waitress from April 1977 until February 1978 and another waitress job for 40 hours per week which the defendant had begun on November 17, 1979, and desired to retain. The defendant had no problems with alcohol or drug abuse, and academic and vocational programs were available for her.

■ ■ The defendant argues that these factors militate against the imposition of a maximum sentence and then concludes that the trial court must not have given adequate consideration to the mitigating evidence or such a sentence would not have been imposed. This evidence was before the trial court and the defendant's argument and conclusions are merely speculation. There has been no affirmative demonstration that the trial court erred by not considering these factors. Therefore, the presumption of the propriety of the sentence has not been overcome. (See *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) Nor do we find an abuse of discretion on the part of the trial court. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

In regard to sentencing, the defendant asks whether this cause ought to be remanded for resentencing because her activities while free on bond since the date of sentencing may show that a sentence of imprisonment is no longer necessary. At the sentencing hearing the defendant presented evidence of her activities while free on bond for seven months. The defendant remained free on bond pending appeal. Five months have now passed since the defendant was sentenced on December 20, 1979.

■■ Regardless of how well the defendant has behaved since sentencing, there must be some finality to judgments. An appellate court reviews those judgments based on the facts available to the trial court at the time of judgment rather than referring to evidence *de hors* the record or participating in a trial *de novo*. Therefore, the defendant's request must be denied.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STENGEL and STOUDER, JJ., concur.