THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARTY GLENN STOVER, Defendant-Appellant.

Fourth District    No. 16280

Opinion filed December 30, 1980.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, and William A. Barth, law student, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, and Garry Bryan, law student, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant was found guilty by a jury in the circuit court of Champaign County of the offense of resisting or obstructing a peace officer in violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 31—1). He was sentenced to one year of probation with a condition that he spend 15 weekends in jail, and pay a fine of $100 and costs. This is a direct appeal from the conviction.

In brief, evidence at trial, much of it controverted, revealed that three peace officers went to the apartment of defendant and his brother, Randy Stover, for the purpose of arresting them on charges which were afterwards dismissed. One of them, Thurman, was dressed in plain clothing, another, Doty, was dressed in the uniform of a deputy sheriff, and the record is silent as to the attire of the third. The officers testified that they announced their mission to both defendant, and his brother, upon arriving at the door of the apartment. Defendant and his brother denied it.

There was also conflicting evidence as to what occurred after the officers entered the apartment. They testified that defendant ran toward the rear of the apartment. Defendant and his brother testified that defendant walked toward the rear to go to a nearby apartment for the purpose of consulting his mother about the arrest. Doty followed defendant and in the kitchen attempted to push him against a wall and handcuff him. A scuffle between them then ensued.

Doty testified that as he tried to handcuff defendant, defendant jerked his arms free. He further testified that he then "kneed" defendant in the chest and face and that defendant's only resistance was jerking his arms. Defendant testified that the "kneeing" in his face hurt him, but "not a lot." Defendant further testified that he did not resist Doty.

Defendant's first issue concerns the cross-examination of his brother, Randy. In the course of it, the prosecutor asked Randy, in substance, if he had not entered a plea of guilty to the same offense arising out of the same incident at a time approximately five months prior to the instant trial. This was in apparent response to Randy's direct testimony that he never heard the officers say that he and defendant were under arrest. Defendant argues that this attempt at impeachment was improper. We agree.

It should be noted initially that the question was objected to at trial on the specific basis of "asked and answered." A specific basis for an objection waives any other basis (*People ex rel. Blackmon v. Brent* (1968), 97 Ill. App. 2d 438, 240 N.E.2d 255), and we would ordinarily be justified in disposing of the matter on that evidentiary principle. However, the issue was framed as an improper impeachment in defendant's post-trial motion, and we regard it as sufficiently serious to take notice of it as plain error under Supreme Court Rule 615(a) (73 Ill. 2d R. 615(a)).

The fundamental rule of impeachment of a witness by a prior conviction was adopted by the supreme court in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. It requires that the conviction be for an offense punishable by imprisonment in excess of one year, or alternatively, that the offense involve dishonesty or false statement regardless of the punishment. The offense for which Randy Stover entered a plea of guilty was a Class A misdemeanor, the maximum punishment for which is 364 days' imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)). It was for resisting a peace officer which on its face is not an offense involving dishonesty or false statement. The conviction therefore meets neither of the tests of *Montgomery*.

The State argues that this is not an impeachment by a prior conviction, but impeachment by a prior inconsistent statement in that Randy admitted at his plea proceedings that he did know he was under arrest and did resist the officer. We decline to enter into such a semantic joust. By its very nature a plea proceeding involves an admission but not every admission exudates from a plea proceeding. The supreme court has determined that prior convictions are to be treated in a particular way (*Montgomery*), and it is not our province to alter or amend that procedure by approving the type of indirect approach tried here.

No matter by what label it is denominated, the prior proceeding was a conviction upon entry of a plea of guilty to a Class A misdemeanor and is therefore barred by the plain language of *Montgomery*.

The point at issue was a critical one. Three officers testified that they either announced that the defendant and his brothers were under arrest, or that they heard one of the others do so. The defendant and his brother testified that no such announcement was made. It then became a matter of credibility of witnesses, and Randy's credibility was seriously undermined by the prosecutor's tactic of introducing the prior conviction under the guise of prior inconsistent statement. Since Randy was not on trial, and since the prior conviction was for a misdemeanor only, it was reversible error. In *People v. Sullivan* (1978), 72 Ill. 2d 36, 377 N.E.2d 17, the supreme court held that evidence that a codefendant has pleaded guilty to the same offense is admissible for impeaching a codefendant, but in that case and in the authorities cited in support of the proposition, a felony was involved and no serious question could be raised under the test of *Montgomery*. In *Sullivan*, the supreme court also said, "A defendant who is separately tried is entitled to have his guilt or innocence determined upon the evidence against him without being prejudged according to what has happened to another." 72 Ill. 2d 36, 42, 377 N.E.2d 17, 20.

Defendant has also raised three additional issues which may be considered briefly. He complains that the prosecutor implied a prior course of criminal conduct by asking officer Doty whether he had been

previously acquainted with defendant. The State justified the remark as going to the question of whether defendant knew Doty to be a peace officer. The argument has a hollow ring since Doty was attired in his official uniform. Nor did defendant invite the question, since it was asked on direct examination. Defendant did ask additional questions in the same vein on cross-examination of Doty, but by this time the damage had been done. The question was improper and we trust will not recur on retrial.

Defendant next complains of the refusal of the trial court to give Illinois Pattern Jury Instruction, Criminal, No. 24.06 (IPI Criminal), which is concerned with the justifiable use of force. This instruction derives from section 7—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 7—1) which deals generally with justifiable use of force. The State contends that the subject is only proper under section 7—7 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 7—7) dealing with the use of force in resisting a police officer and that IPI Criminal No. 24.20 which derives from section 7—7 of the Code was given to the jury.

It has been held (*People v. Athey* (1976), 43 Ill. App. 3d 261, 356 N.E.2d 1332; *People v. Reynolds* (1975), 32 Ill. App. 3d 604, 335 N.E.2d 805) that IPI Criminal No. 24.06 is properly given in a resisting arrest case when there is evidence of excessive force on the part of the arresting officer. We do not find such to be the case here. Defendant himself testified that his purported injury hurt, but "not a lot." Ordinarily, only slight evidence is required to justify an instruction on a defendant's theory of the case, but here, where there is a general instruction (No. 24.06) and a specific instruction (No. 24.20), it will require a greater quantum of evidence to justify giving the general instruction over the specific. No error occurred.

Finally, defendant argues that he was entitled to an instruction on compulsion which the trial court refused. Compulsion is an affirmative defense under the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 7—14), and like its companion, entrapment, requires that a defendant, in order to take advantage of it, admit the acts charged and then assume the burden of proving that they were done under compulsion. The instant case is entirely opposite. Defendant denied the offense throughout. There was no basis for a compulsion instruction and no error occurred in refusing it.

The judgment of guilty is reversed, the sentence is vacated, and the cause is remanded to the circuit court of Champaign County for a new trial in conformity with the views expressed herein.

Reversed and remanded with directions.

CRAVEN and MILLS, JJ., concur.