THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM McCRAVEN, Defendant-Appellant.

First District (5th Division)    No. 80-181

Opinion filed June 26, 1981.

Ralph Ruebner and Gregory J. Schlesinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Richard R. Mottweiler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a bench trial, defendant was convicted of theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)) and sentenced to two years' imprisonment. On appeal, he asserts that he was denied a fair trial because of the incompetence of his appointed counsel. The pertinent facts follow.

On the day of trial, defense counsel asked for a continuance since defense witness, Robert Crusoe, had failed to appear for trial, although he had been subpoenaed. The trial court continued the case until the

following day; however, Crusoe still did not appear and defense counsel proceeded to trial.

Officer Gerald Neuffer testified that on January 5, 1979, police officers Thomas Keller, Frank Hauser and he were assigned to a Chicago Transit Authority decoy mission. He was lying on the washroom floor pretending to be intoxicated while Keller and Hauser were watching a few feet away, hidden in a utility closet. Defendant entered the washroom with Crusoe and, as Keller and Hauser watched from the closet, Crusoe removed Officer Neuffer's wallet and defendant removed his wristwatch. Defendant and Crusoe left the washroom but were apprehended by Keller and Hauser within a few seconds. The wallet was recovered from Crusoe and the wristwatch from defendant. Officer Keller testified that defendant was identified as having been arrested with the watch. Defendant testified that Crusoe took both the watch and wallet and that Crusoe had the watch at the time of their arrest.

Defense counsel filed a motion for a new trial, which was denied, alleging that defendant was denied a fair trial because the trial judge was asleep during the State's case. This was not supported by affidavit, nor was testimony offered in support of this allegation at the hearing.

Opinion

Defendant contends that he was denied a fair trial because of the incompetence of his appointed counsel. First, he asserts that his counsel demonstrated incompetence by his failure to request a continuance to secure the presence of a material witness, Robert Crusoe, after initially indicating that he would not go forward without the witness. He further asserts that the incompetence of his counsel was demonstrated by the failure of the attorney to raise during trial or properly preserve in a motion for a new trial the issue of the court's conduct during the trial. The motion for the new trial indicated that the trial judge was asleep during the testimony of the State's witness; however, it was unsupported by affidavit and no evidence was presented at the hearing regarding this allegation.

■■■ Our supreme court held in *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677, that a conviction will not be reversed unless the representation by counsel is of such a low caliber that defendant's trial is reduced to a farce or sham. Due process does not require infallibility of the court-appointed counsel, nor is the trial counsel a guarantor of successful testimony by a witness. *People v. Connor* (1980), 82 Ill. App. 3d 652, 402 N.E.2d 862.

In the first instance, the record indicates that Crusoe had been unsuccessfully subpoenaed on prior occasions. Thus, there was no assurance that he would have appeared at this time. Further, even if Crusoe

had testified, he would have had to waive his fifth amendment privilege and implicate himself in order to exculpate defendant. We believe from the circumstances that this would have been highly unlikely.

Secondly, defense counsel's allegations of the trial court's conduct is not supported by the record. Where the record is silent, the reviewing court will presume the trial court acted correctly. (*People v. Young* (1980), 86 Ill. App. 3d 306, 408 N.E.2d 104; *People v. Hamilton* (1978), 64 Ill. App. 3d 276, 381 N.E.2d 74.) Concomitantly, defendant's assertion that trial counsel demonstrated incompetence by his failure to properly preserve the issues of the court's conduct must also fail. The competency of counsel is determined from the totality of the counsel's conduct at trial (*Murphy*, at 437; *People v. Bach* (1979), 74 Ill. App. 3d 893, 393 N.E.2d 563), and further errors in judgment or trial strategy do not establish incompetency. (*Murphy*, at 437.) We must presume counsel was competent and this presumption can only be overcome by strong and convincing proof of incompetency. Additionally, defendant must show that substantial prejudice resulted from his counsel's incompetence. (*Bach*.) We are not convinced that defendant demonstrated his counsel's incompetence or that he was prejudiced in any manner by his legal representation.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

MEJDA and LORENZ, JJ., concur.