THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNY D. MAQUET, Defendant-Appellant.

Third District   No. 82—409

Opinion filed March 9, 1983.

Ronald Hanna and Ronald L. Hamm, both of Hamm and Hanna, Ltd., of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

On January 21, 1982, the defendant, Denny D. Maquet, appeared *pro se* for arraignment on four counts of aggravated assault before the Honorable Robert E. Hunt, now retired. At that time, the defendant signed a waiver of jury trial form, and his case was set for bench trial on February 18, 1982. The cause was continued on an *ex parte* motion by the State, and on March 3, 1982, private counsel entered his appearance on behalf of the defendant, along with a motion to withdraw the defendant's jury waiver. On March 5, 1982, the Honorable William J. Reardon conducted an evidentiary hearing on the defendant's motion and denied it.

The cause proceeded to a bench trial before Judge Reardon on

April 22, 1982, and the defendant was found guilty of all four counts of aggravated assault. On June 1, 1982, post-trial motions were heard and denied, and the defendant was sentenced to one-year probation with special conditions of a fine of $250 plus costs and 30 days in the Tazewell County jail.

On appeal, the defendant contends that he did not knowingly and understandingly waive his right to trial by jury and that the trial court abused its discretion in denying the defendant's motion to withdraw his waiver of jury trial.

Because the facts underlying the defendant's convictions are not relevant to the issues raised, we will proceed directly to a discussion of the defendant's arguments on appeal.

■ Every individual accused of an offense has the right to a trial by jury unless that right is understandingly waived by the defendant in open court. (Ill. Rev. Stat. 1981, ch. 38, par. 103—6.) Although it is the responsibility of the trial court to insure that the waiver is expressly and understandingly made (*People v. Walton* (1979), 77 Ill. App. 3d 905, 396 N.E.2d 841), it is not the responsibility of the trial court to preserve the defendant's record for appeal. Thus, where the only record of waiver is a docket entry which is not contradicted by any other portion of the record, a presumption will be invoked that the trial court ruled or acted correctly. *People v. Young* (1980), 86 Ill. App. 3d 306, 408 N.E.2d 104.

■■ In the case at bar, the defendant has failed to provide a record which supports his contentions on appeal. The preparation and certification of a bystander's report or agreed statement of facts of both the original arraignment, during which he signed the jury waiver form before Judge Hunt, and the hearing on his motion to withdraw the waiver before Judge Reardon would have provided a sufficient record to allow assessment of the errors claimed on review. (87 Ill. 2d Rules 323(c), (d), 612(c).) However, in the absence of such documentation, we will assume the trial judge ruled or acted correctly. (*People v. Hamilton* (1978), 64 Ill. App. 3d 276, 381 N.E.2d 74.) Furthermore, the arguments of defendant's counsel at the hearing on the defendant's post-trial motion cannot serve as a substitute for an agreed statement of facts or bystander's report.

■ Where, as is the case here, the common law record indicates that the defendant demanded a jury trial and subsequently waived that right, the waiver is deemed to be knowing. *People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146.

We deem it appropriate to comment upon an earlier case handed down by this court but not cited by either party. In *People v. Losa-*

*cano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835, the defendant was charged with four offenses of driving while license was revoked. He entered a plea of not guilty to the initial charge and was subsequently found guilty following a bench trial. He then pleaded guilty to the remaining charges. The defendant first appeared in court on the first charge on August 6, 1973. At that time, his request for the appointment of counsel was denied. A form indicating the defendant pleaded not guilty and waived trial by jury was signed by the defendant on the same day. Nothing in a bystander's report submitted on appeal by the defendant elucidated the transactions in court surrounding the defendant's signing of this form. Based on the record, this court determined the defendant's waiver of a jury trial on the first charge was ineffective. We further concluded that the waiver was ineffective on the remaining charges to which the defendant pleaded guilty, noting that, so far as the bystander's report was concerned, it was difficult if not impossible to isolate the guilty plea cases from the one in which the defendant pleaded not guilty.

The case at bar is distinguishable from *Losacano*. The form used in *Losacano* was a combined not guilty plea and jury waiver form, whereas the form used in the present case was limited to the question of a knowing and intelligent waiver of a jury trial. The possibility that the defendant in *Losacano* misunderstood the meaning of the form he signed is much greater than in the present case. In addition, a bystander's report was filed in *Losacano*. However, it supplied no information regarding the defendant's jury waiver. From this silence, one could reasonably presume a lack of the necessary admonishments to the defendant. In contrast, the absence of any bystander's report in the present case, when combined with the signed waiver form in the record, suggests the presumption that the trial court acted properly. Furthermore, we note that the defendant's motion to withdraw his jury waiver does not state that the waiver was not knowingly and intelligently made.

For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

Affirmed.

SCOTT and HEIPLE, JJ., concur.