THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK J. WETHINGTON, Defendant-Appellant.

Third District    No. 3—83—0443

Opinion filed February 24, 1984.

Robert J. Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

The defendant, Mark J. Wethington, was convicted following a bench trial of aggravated assault. The defendant appeals from his conviction, arguing that the State failed to prove that he used a deadly weapon and that his waiver of trial by jury was not understandingly made. We affirm.

The State's evidence introduced at trial showed that the defendant and the victim, Debra Nicklin, were arguing in the hallway of the apartment complex where Nicklin lived. When Nicklin's boyfriend entered the hallway, the defendant began swinging a pair of numchucks or karate sticks. Nicklin described the instrument as two pieces of wood connected by a length of chain. According to Nicklin, the

defendant ordered her to return to her apartment and then swung the sticks, striking the wall near her head.

The defendant argued in his post-trial motion that his conviction for aggravated assault should be reversed because karate sticks are not a deadly weapon under section 12—2 of the Criminal Code of 1961. The trial court acknowledged that it was questionable whether a deadly weapon was used but denied the post-trial motion. The defendant renews his argument as his first issue on appeal.

As the defendant notes, the courts of Illinois have twice held that numchucks or karate sticks are not *per se* deadly weapons. (*City of Pekin v. Shindledecker* (1981), 99 Ill. App. 3d 571, 426 N.E.2d 13; *People v. Tate* (1979), 68 Ill. App. 3d 881, 386 N.E.2d 584.) However, in both *Tate* and *Shindledecker*, the defendants were merely in possession of the instrument and were not charged with using it as a weapon in an assault.

In *People v. Lee* (1977), 46 Ill. App. 3d 343, 347-48, 360 N.E.2d 1173, 1176, this court held that an instrument which is not considered a deadly weapon *per se* may be used in such a manner that it becomes a deadly weapon. Thus, in *Lee*, the defendant's conviction of armed violence was affirmed although Lee had been armed only with a walking cane.

■ The trial court concluded in the instant case that the defendant had used the karate sticks in such a manner as to make them a deadly weapon. We find no error in the trial court's decision.

The defendant also argues that his conviction must be reversed because the record does not show that he made an understanding waiver of his right to a jury trial. No transcript of the proceedings wherein the defendant waived his right to a jury has been included in the record on appeal. The common law record contains a docket entry stating that the defendant waived a trial by jury on February 18, 1983. The common law record also contains a printed jury waiver form signed by the defendant.

It is clear that where the report of proceedings demonstrates that a jury waiver was not understandingly made, a docket entry showing an understanding waiver is insufficient to sustain the waiver. (*People v. Young* (1980), 86 Ill. App. 3d 306, 408 N.E.2d 104.) Similarly, an understanding waiver will not be presumed from a silent record. *People v. Losacano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835.

■ In the instant case, the transcript of pretrial proceedings does not contradict the common law record showing an understanding waiver. The transcript is also not silent as to the waiver of a jury trial. Instead, there simply is no report of the relevant proceedings.

The sole record before this court on the issue of jury waiver is the common law record. The common law record, through the docket entry and signed waiver, demonstrates that the defendant's waiver of a jury trial was understandingly made.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.