THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MAC RAE Defendant-Appellant.

First District (1st Division)    No. 78-1614

Opinion filed November 5, 1979.

Paul Bradley, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

James Mac Rae (defendant) was found guilty of attempted murder (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and was sentenced to 4 to 6 years. He appealed. In our opinion filed March 14, 1977, we affirmed the conviction, reversed the sentence and remanded the cause for resentencing (47 Ill. App. 3d 302, 361 N.E.2d 685). The People filed a petition for rehearing upon the theory that our opinion constituted in effect a direction that defendant be admitted to probation. On April 25, 1977, we filed a supplemental opinion setting forth that our intention was simply to require the trial judge to consider the factors stated in the Unified Code of Corrections as it then existed which constituted the criteria for a sentence of probation (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1(a)). See 47 Ill. App. 3d 302, 317.

On November 4, 1977, this court issued its mandate to the trial court reversing the sentence and remanding the cause for resentencing. The cause came on for hearing before Honorable James M. Bailey, judge of the circuit court, on March 2, 1978. The parties agreed that the previous record on aggravation and mitigation, filed in the trial court on February 5, 1976, would be considered by the court. Defendant elected to be sentenced under the provisions of the former Code.

Defendant called one additional witness; his employer who has known defendant for 6 or 7 years. Defendant was described as a trustworthy and worthwhile employee. The witness could raise no question about defendant's "ability to be a functioning member of the community." The witness stated, "I cannot believe he is not a credit to our community."

The State introduced no evidence in aggravation. The State specifically directed the attention of the trial court to the mandate of this court which required consideration of "the concept of probation for this defendant."

The trial judge then made the following statement which is reproduced here precisely as prepared by the court reporter:

"THE COURT: As far as I'm concerned, this defendant should have gone to the penitentiary right away. Just reading the Appellate Court's opinion, there's no question, a double standard of justice. If he had been a black man from the ghetto, he'd be in

the penitentiary today. I don't care how much he worked, what he had done or anything else. Because he happens to be white and happens to be from Barrington, we have a double standard.

There is no question in my mind about why the Appellate Court reversed. I have to bow my head when I read this opinion, when I have to put people into the penitentiary on the basis of what they do. Probably not his fault he did it, but to say the Courts have justice is a joke. I have never read an opinion in all my life as much as the opinion I read in this case here. And when I see I have to sentence 17 year olds to the penitentiary for burglary, I get sick when I read this opinion. I get even sicker. As far as our Courts, we do not have the same system of justice for the poor black person who doesn't have a break.

As far as I'm concerned, I resentence him to to the Illinois State Penitentiary for four to six years. If the Appellate Court wants to go ahead and reverse, I disagree with their opinion. There has to be a reason why somebody—There is punishment for crimes. At that time it was four to six years. It may be lower. I would consider, as far as I'm concerned, there is no way I can consciously sentence an individual who did not have the breaks that he had and give them the sentence. I can't do it. I'm not a hypocrit with myself and not with my own mind. I can't do it. As a Judge, I think that opinion stinks in light of everything I have heard in the course of my life.

An appeal may be filed and take it up to the Appellate Court."

The trial judge then resentenced the defendant to 4 to 6 years.

■■■ Quite aside from the type of language, fortunately a judicial rarity, which appears in this statement, we cannot and will not accept it as an indication that the trial court gave the type of serious consideration to the pertinent statute and made a rational determination regarding a sentence of probation. We reject this statement completely as evidence of the exercise of judicial consideration as required by law. The mandate of this court contained precise and unambiguous directions which must be obeyed. (See *Stuart v. Continental Illinois National Bank* (1979), 75 Ill. 2d 22, 28, 387 N.E.2d 312.) We therefore reverse the sentence and remand the cause for a hearing before another judge. Our mandate will once more require that the trial court consider the record herein in the light of the pertinent statute and exercise its discretion as to the propriety of a sentence of probation.

One more matter requires expression. When sentence was originally passed upon the defendant in 1975, an issue existed as to whether the minimum sentence for attempted murder was 1 or 4 years. (Compare *People v. Athey* (1976), 43 Ill. App. 3d 261, 265-66, 356 N.E.2d 1332, and *People v. Joupperi* (1975), 31 Ill. App. 3d 558, 562, 334 N.E.2d 846.) This

court held that the minimum sentence for attempted murder was 4 years. (*Mac Rae*, 47 Ill. App. 3d 302, 314.) Our holding was erroneous. In *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, the court held that the minimum sentence for attempted murder was not 4 years.

We therefore direct that in the event the trial court upon resentencing decides that the defendant should not be admitted to probation, the trial court shall then reconsider the question of reducing the sentence herein because of the apparent erroneous assumption by the original trial court and by this court that the legal minimum sentence was 4 years.

The sentence appealed from is accordingly reversed and the cause is remanded to the trial court for resentencing in accordance with the above directions.

Sentence reversed and cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.