THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY S. BEAN, Defendant-Appellant.

Fourth District   No. 4—85—0796

Opinion filed July 22, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Mark T. Zubor, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

An information was filed in the circuit court of Champaign County on July 25, 1985, charging the defendant with battery in violation of section 12—3(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat.

1985, ch. 38, par. 12—3(a)(2)). The jury found the defendant guilty of battery on October 11, 1985. A sentencing hearing commenced on November 12, 1985, and was continued to November 19, 1985. The defendant was then sentenced to probation for a period of 12 months. One of the conditions of probation was that defendant serve 120 days in the county jail.

At the hearing on November 12, 1985, the defendant testified that he was a heroin addict and that he injected heroin intravenously one to four times a day. He testified that he desired treatment for his addiction.

The trial court stated:

"I understand the Defendant is attempting to make an election for treatment as an addict under Chapter 111½ here. I have not available to me at this time any evaluation by an agency designated by the Department to indicate whether or not the Defendant might be accepted for treatment by a licensed program which is available under Chapter 111½. What I'm going to do accordingly is recess this sentencing hearing for a few days to have the opportunity for such an evaluation to be made."

The court further said:

"Now, I've told your lawyer and I've told Ms. Lyles, the probation officer who prepared this report, that I anticipate that TASC is the agency to make this evaluation. That advice to me is required by the statute before I can consider this request that you are making, Mr. Bean. And if you come back here and you haven't followed through to get the report and evaluation made, I want you to understand that I will consider that you have unelected what you say you want to do today.

MR. BEAN: Yes.

THE COURT: It is your job to make sure you get there and get the evaluation made."

The record contains a letter from TASC dated November 18, 1985, advising the court that the defendant was scheduled to be evaluated for possible drug rehabilitation treatment on the 18th at 9:30 a.m. and failed to keep the appointment.

The defendant appeals contending that the trial court erred: (1) in failing to admonish him of his eligibility for treatment under the Alcoholism and Substance Abuse Act (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 et seq.); and (2) by refusing to order treatment for him because he missed his appointment for evaluation by TASC, this refusal amounting to an abuse of discretion on the part of the trial court.

Section 23 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6323) provides in pertinent part:

"Sec. 23. If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 21, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Department."

The supreme court held in *People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024, that the above language places a duty on the trial court to inform every defendant whom it knows, or has reason to believe, is an addict of the possibility of treatment under the Act.

The court also stated in *Richardson*:

"The statute is meaningful only if we assume that the defendant is unaware of his possible eligibility, and that is why the trial judge must inform him." (104 Ill. 2d 8, 17, 470 N.E.2d 1024, 1029.)

Obviously, the supreme court wanted to make sure that addicts were aware of the Act and the possibility of treatment under the Act.

It is readily apparent to us that the defendant here was aware of the Act. He specifically stated that he was an addict and requested treatment. The trial court recognized that he was requesting treatment under the Act and stated that it would be necessary to have an evaluation to determine whether the defendant would be accepted for that treatment. Proceedings were held in abeyance pending this evaluation. Since the defendant was aware of the Act and expressed his desire for treatment he cannot now claim trial court error for failing to tell him what he already knew. We find no error here.

At the continued sentencing hearing, the trial court found that defendant had failed to keep an appointment for evaluation for treatment. The trial court stated that it was unable to find that the defendant was likely to be rehabilitated through treatment. It pointed out that he had been convicted of serious felony offenses in the past, had probation, and apparently had not benefited from probation. The trial court felt that a penalty must be imposed to impress upon the defendant the need to conform his conduct to the law. The record shows that the trial court gave serious consideration to factors in mitigation as well as factors in aggravation.

The trial court is in the best position to determine a sentence based upon the facts and circumstances of the case. Its determination will not be disturbed absent an abuse of discretion. (*People v. Perru-*

*quet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) An abuse of discretion will be found only if the judgment of the trial court is manifestly unjust or palpably erroneous. *People v. Anderson* (1986), 112 Ill. 2d 39, 490 N.E.2d 1263.

■■ The abuse of discretion cited by the defendant is the failure of the trial court to give him another opportunity to obtain the necessary evaluation from TASC. We do not believe this determination by the trial court was manifestly unjust nor was it palpably erroneous. Whether drug treatment is a viable sentencing alternative depends to a great extent upon the sincerity of the addict in seeking treatment. The trial court is in a much better position than we to make that judgment. Considering the defendant's failure to keep his appointment after having been warned by the trial court of the consequences of such failure, we find no merit in defendant's claim.

We affirm the judgment of the circuit court of Champaign County.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.