THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY J. GURGA, Defendant-Appellant.

First District (3rd Division)   No. 87—3249

Opinion filed October 26, 1988.

Julius Lucius Echeles, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Sari L. Slivnick, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a bench trial, defendant Jeffrey Gurga was found guilty of murder, attempted murder and home invasion. The trial court sentenced defendant to concurrent terms of 40 years for murder, 30 years for attempted murder and 20 years for home invasion. On appeal, this court held that the trial court's judgment of "guilty" was contrary to the manifest weight of the evidence, and we remanded for entry of a judgment of "guilty but mentally ill" and for resentencing based on that judgment. (*People v. Gurga* (1986), 150 Ill. App. 3d 158, 501 N.E.2d 767.) On remand, the trial court imposed a sentence identical to the original sentence. Defendant appeals, contending that the trial court refused to comply with the appellate court's mandate.

On August 9, 1982, defendant broke into the victims' home, murdered one woman and attempted to murder another. The facts are fully set forth in our previous opinion. Defendant was convicted and sentenced. On remand, the presentence investigation report was updated. Defendant presented evidence in mitigation, including evidence of his good behavior in prison. Several witnesses testified regarding his good character. The State presented no evidence and requested the same sentence which was originally entered.

The trial court commented at length regarding the remand from this court. "The case has been remanded in the wisdom of this panel of Appellate Court judges, the wisdom of which the Court, this Court, is in complete and total disagreement with, but nonetheless in that this is the structure of the Court system, decadent as it is, the Court here and now enters a judgment consistent with this Appellate Court remand, and the judgment now entered is one of guilty but mentally ill." The trial court commented further:

> "[A] judge has to think in two ways, what is rational, probable, logical, and then you have to think, what will the Appellate Court's view be? So, that appears to be what the situation was here. What they have done here again is substitute their judgment for our's, and as we have often observed *** we are

headed into the 21st Century, but we have a 19th Century system of appeals."

Defendant contends that the trial court abused its discretion in imposing a sentence identical to the original sentence because the trial court indicated that it disagreed with the appellate court "to the extent that it refused to treat defendant as a person with mental illness. Thus, the court merely 'rubber-stamped' its previous sentence." Defendant maintains that the trial court refused to consider defendant's diminished mental responsibility due to mental illness and the mitigating evidence presented at the hearing on remand. We agree.

The comments of the trial court make it clear that the court failed to comply with the mandate of this court. It refused to give serious consideration to the factors relating to the "guilty but mentally ill" provision of the pertinent statute. (Ill. Rev. Stat. 1981, ch. 38, pars. 6—2(c), (d).) The mandate of this court must be followed by the trial court. (See *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 442 N.E.2d 185.) The sentence imposed after remand is hereby vacated, and the case is remanded for another sentencing hearing. We direct that the hearing be conducted by a different judge. In exercising its discretion as to the resentencing, the trial court is directed to consider the record herein in light of the pertinent statute. See *People v. MacRae* (1979), 78 Ill. App. 3d 266, 397 N.E.2d 509; see also *People v. Kendrick* (1982), 104 Ill. App. 3d 426, 432 N.E.2d 1054.

The sentence appealed from is vacated and the cause is remanded to the trial court for resentencing in accordance with the directions contained herein.

Sentence vacated and cause remanded.

WHITE, P.J., and RIZZI, J., concur.