THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL O'BANNON, Defendant-Appellant.

Fourth District   No. 4—89—0653

Opinion filed March 22, 1990.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and LeRoy Walter Lemke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Michael O'Bannon, was convicted of retail theft (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3(a)) and sentenced to one year in prison. On appeal, defendant argues that his sentence should be vacated and his cause remanded for resentencing because of the trial court's failure to advise him of his right to elect treatment for alcoholism under the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 6360—2).

We disagree and affirm.

■ Section 10—102 of the Act states,

"If a court has *reason to believe that an individual* convicted of a crime *is an* addict or *alcoholic* and the court finds that he is eligible to make the election provided for under Section 10—101, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a designated program." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 111½, par. 6360—2.

The language of this Act is mandatory, not discretionary. *People v. Richardson* (1984), 104 Ill. 2d 8, 16, 470 N.E.2d 1024, 1028.

The threshold issue in this case (and in all similar cases) is the following: Was the information before the court sufficient to give the court "reason to believe" defendant is an alcoholic?

Section 1—103 of the Act defines "alcoholic" as

"a person who suffers from an illness characterized by preoccupation with alcohol which is typically associated with physical disability and impaired emotional, occupational or social adjustments as a direct consequence of loss of control over consump-

tion of alcohol and demonstrated by persistent and excessive use of alcohol such as usually leads to intoxication if drinking is begun; by chronicity; by progression; and by tendency toward relapse." Ill. Rev. Stat. 1987, ch. 111½, par. 6351—3.

At the sentencing hearing on July 28, 1989, defendant testified that after he was arrested on September 29, 1988, he spent 29 days in jail. On September 30, 1988, defendant had counsel appointed to represent him. During the last two weeks of his incarceration, defendant attended Alcoholics Anonymous meetings. Defendant stated that most of his previous convictions were related to drinking and that he was intoxicated when he committed the retail theft for which he was to be sentenced. However, this claim of intoxication was not corroborated at trial by the complaining witness.

Defendant further testified that he had an alcohol problem. He claimed he was at the point where he admitted he was an alcoholic. The presentence report noted that defendant reported consuming a six-pack of beer four or five times weekly. No further evidence was submitted on the issue of whether defendant was an alcoholic, and no disinterested persons testified.

■ This record does not demonstrate that defendant was an "alcoholic" under section 1—103 of the Act. The record does not show that he was preoccupied with alcohol, disabled because of alcohol consumption, or unable to control his drinking habits. Instead, defendant's consumption of a little over a case of beer a week demonstrates that he was merely a user of alcohol, not an alcoholic.

In *People v. Jones* (1985), 132 Ill. App. 3d 764, 477 N.E.2d 836, this court evaluated a similar argument by a defendant who claimed the evidence at the sentencing hearing should have given the trial court reason to believe defendant was an addict, as that term was defined under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6301 *et seq.*), the precursor to the present Act. In rejecting defendant's argument in *Jones*, we stated,

"Although Jones apparently has experienced problems due to alcohol and drug abuse, this did not give the trial court reason to believe he was an addict as that term is defined in the Act[.]" *Jones*, 132 Ill. App. 3d at 766, 477 N.E.2d at 838.

■ A defendant's uncorroborated and self-serving statement that he is a regular user of drugs or alcohol is insufficient to establish "reason to believe" he is an addict or alcoholic for the purpose of triggering procedures under the Act. *People v. Davenport* (1988), 176 Ill. App. 3d 142, 146, 530 N.E.2d 1118, 1121.

■ We conclude that the trial court had no reason to believe

defendant was an alcoholic. Accordingly, the trial court did not err in failing to advise defendant of his right to elect treatment under the Act.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.