THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN W. LUCAS, Defendant-Appellant.

Fourth District   No. 4—90—0410

Opinion filed June 18, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorney's Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in Vermilion County, defendant John W. Lucas was convicted of four counts of murder and concealment of a homicidal death. (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1, 9—3.1.) The defendant was found to be eligible for the death penalty under section 9—1(b)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(b)(7)). This statute provides:

> "A defendant who at the time of the commission of the offense has attained the age of 18 or more and who has been found guilty of murder may be sentenced to death if:
>
> * * *
>
> 7. the murdered individual was under 12 years of age and the death resulted from exceptionally brutal or heinous behav-

ior indicative of wanton cruelty." Ill. Rev. Stat. 1985, ch. 38, par. 9—1(b)(7).

The circuit court sentenced defendant to death for his murder conviction, and to a five-year term of imprisonment for the concealment of a homicidal death. The Illinois Supreme Court affirmed the convictions but vacated the death sentence and remanded the case to the trial court for resentencing. (*People v. Lucas* (1989), 132 Ill. 2d 399, 443-47, 548 N.E.2d 1003, 1021-23.) The Illinois Supreme Court explained the requirements for imposition of the death penalty, and concluded defendant was not eligible therefor.

"There is no conclusive evidence in the record to indicate that the decedent's death was either premeditated, prolonged or tortuous. Applying the above-mentioned principles, we cannot say that the circumstances surrounding the decedent's death were exceptionally brutal or heinous *and* indicative of wanton cruelty. Accordingly, we find that all of the qualifying requirements of section 9—1(b)(7) have not been met and, consequently, the defendant is not eligible for the death penalty under section 9—1(b)(7)." (Emphasis in original.) *Lucas*, 132 Ill. 2d at 446, 548 N.E.2d at 1023.

On remand to the circuit court of Vermilion County, a resentencing hearing was held on June 13, 1990. Judge Ralph S. Pearman presided over the resentencing hearing, although the original proceedings were conducted before Judge James K. Robinson.

At the resentencing hearing, the State presented no evidence in aggravation, and requested the trial judge take judicial notice of the original proceedings. Defendant presented evidence in mitigation, including evidence of his good behavior in prison. William Goskie testified he was a unit superintendent at Pontiac Correctional Center, where defendant was housed on death row. Goskie testified defendant was under his supervision for approximately 1½ years. Goskie stated during this time he could not remember defendant receiving any disciplinary infractions. Based upon his experience, Goskie testified defendant's good behavior was uncommon.

Officer Charles Margherio testified he was a gallery officer in the north cell house where death row inmates were housed at Pontiac Correctional Center. Margherio testified he had daily contact with defendant and could not recall defendant ever having received a disciplinary infraction. Margherio explained defendant conducted himself properly with the guards and with other inmates. Margherio also testified defendant stayed away from gang activity and maintained a good attitude and a well-kept cell. Margherio testified he had no indi-

cation defendant was using alcohol or other substances while in prison and he never found any contraband in defendant's cell.

Following the presentation of evidence, the parties presented their arguments before Judge Pearman. The State alleged the Illinois Supreme Court's "obvious misreading of the facts" led to its determination that defendant was not eligible for the death penalty. Over objection by defense counsel, the State asserted that despite the Illinois Supreme Court's decision, the present case involved exceptionally brutal and heinous behavior indicative of wanton cruelty, as found by the original trial judge. The State also argued the record showed premeditation, regardless of the Illinois Supreme Court's opinion to the contrary. In rebuttal closing argument, the State maintained: "The court is not bound by the Supreme Court's version of the facts. The court is bound by the facts as it has before it."

In announcing his sentencing decision, Judge Pearman concluded it was his duty to follow the decision of the supreme court, although he disagreed with the opinion. Judge Pearman stated he agreed with the dissenting opinion of Justice Miller, rather than with the majority opinion. He stated he agreed with Justice Miller's conclusion that defendant qualified for the death penalty, and felt Judge Robinson was within his discretion in imposing the death sentence in the first sentencing hearing. Despite his disagreement with the Illinois Supreme Court's decision, Judge Pearman followed the mandate and sentenced defendant to a term other than death. The court imposed the maximum sentence of 40 years' imprisonment for murder, to run concurrent to a five-year term of imprisonment previously imposed for concealment of a homicidal death.

We now address the issues raised by defendant. Defendant contends the prosecutor's attack on the supreme court for remanding this cause for resentencing was advanced for no other purpose than to inflame and influence the trial judge, who did not sit at the original sentencing hearing.

At the resentencing hearing, the prosecutor stated his disagreement with the Illinois Supreme Court's decision in *Lucas*. Defendant on appeal takes issue with the prosecutor's statements of disagreement. Defendant contends the following statements made by the prosecutor are improper:

> "[State's Attorney]: The defendant can easily argue that he doesn't have any priors. That's not what he was sentenced on. He was sentenced to death, because the trial court believed that the evidence showed that his murder of Danny Carrigan

was done under circumstances that were exceptionally heinous and brutal indicative of wanton cruelty.

[Defense counsel]: Objection, your honor. The supreme court said that wasn't—

[State's Attorney]: The supreme court in its omnipotent wisdom—

THE COURT: The objection is overruled. He's referring to why the trial court sentenced him.

[State's Attorney]: Thank you, your honor.

THE COURT: I read both opinions.

[State's Attorney]: The supreme court in its omnipotent wisdom, and I would suggest through obvious misreading of the facts, one good example would be that in their opinion they refer to after shaking Danny the defendant noticed Danny had stopped breathing. In an effort to revive him splashed water on him and placed him on the floor and performed CPR on him. They cite that as a fact, one of the facts established at trial.

In reality it was shown that the explanation by Mr. Lucas was ludicrous ***.

The medical testimony was that explanation was not consistent with the physical evidence and was highly improbable under the testimony of Dr. Maratos. Yet the supreme court cites it as one of the facts of the case.

The defendant was sentenced to death, because of this episode, coupled with his prior acts of violence, his prior conduct toward Danny that made it clear, as Justice Miller indicated in his dissent, that there was indeed evidence to some degree of premeditation. That there was, indeed, evidence that this wasn't an isolated episode or an incident.

Under these circumstances I would suggest that on resentencing the only reasonable and appropriate sentence for Mr. Lucas is the maximum term possible in the Illinois Department of Corrections and that would be the recommendation of the State.

\* \* \*

The court is not bound by the supreme court's version of the facts. The court is bound by the facts as it has before it."

■ Defendant contends the prosecutor's comments were a direct attempt to improperly influence a new trial judge during the resentencing of defendant. In the resentencing hearing, the State twice reminded Judge Pearman of Judge Robinson's decision to impose the death penalty. We conclude the prosecutor's express disagreement

with the supreme court's holding was not improper. Such comments made by any party at a sentencing hearing are just so much blather. An experienced trial judge is not likely to rely on such comments, and nothing in this record suggests he did.

Defendant relies on *People v. Weinger* (1981), 101 Ill. App. 3d 857, 428 N.E.2d 924, stating the "law of the case" doctrine requires the prosecution to refrain from attacking the conclusions of the Illinois Supreme Court. The only exceptions to this doctrine are if the facts presented in the subsequent proceedings are so substantially different as to require a different interpretation, or if, in the interval between appeals, a higher court has made a contrary ruling on the precise issues of law on which the earlier opinion was based. (*Weinger*, 101 Ill. App. 3d at 875, 428 N.E.2d at 937.) Neither exception is applicable to this case. Defendant maintains the State had no authority to take issue with the law of the case as stated by the Illinois Supreme Court.

■ *Weinger*, as defendant states, requires the prosecution to refrain from attacking the conclusions of the supreme court. *Weinger* and the "law of the case" doctrine do not prohibit the prosecutor from disagreeing with a reviewing court, but rather bind a court to the Illinois Supreme Court's view of the law. *Weinger* forbids the appellate court from relitigating an issue which it or the supreme court has already decided, but does not forbid the prosecution from disagreeing with the reviewing court's decision.

Defendant further contends the prosecution must honor the mandate of the Illinois Supreme Court. The Illinois Supreme Court held when a reviewing court issues a mandate, it vests the trial court with jurisdiction to take only such action as conforms to that mandate. *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 442 N.E.2d 185; see also *People v. Gurga* (1988), 176 Ill. App. 3d 82, 530 N.E.2d 1059.

In this case, the Illinois Supreme Court vacated the death sentence and remanded the cause to the circuit court of Vermilion County with directions to impose a sentence other than death. (*Lucas*, 132 Ill. 2d at 446-47, 548 N.E.2d at 1023.) Defendant contends the prosecutor's allegedly improper comments influenced the judge to decline to follow the supreme court's order. At the resentencing hearing, the court made the following statement:

> "I'm not going to comment at length on the Supreme Court opinion.
>
> I have also reviewed other cases, which attempt to define the behavior that would qualify for either extended term or as the factor for the imposition of the death penalty.

While it is my personal opinion that the dissenting opinion of Justice Miller is more appropriate, it is my duty to follow the decision of the Supreme Court, even though I respectfully disagree with some of their conclusions.

To base a distinction upon how long a decedent must suffer for before dying *** the result is the same.

I think Justice Miller was correct in saying that this case did qualify for the death penalty and that Judge Robinson was certainly within his discretion in imposing it to begin with."

■ While the trial court did express a personal belief the supreme court's decision was incorrect, it clearly stated it was bound by the supreme court's opinion. The trial judge followed the supreme court's mandate and sentenced defendant to a term other than death. Nothing in this record suggests defendant was given the maximum sentence simply because the prosecutor and the trial judge disagreed with the supreme court's opinion.

Defendant next cites *People v. Yates* (1983), 98 Ill. 2d 502, 456 N.E.2d 1369, and *People v. Holman* (1984), 103 Ill. 2d 133, 469 N.E.2d 119, alleging the prosecution's improper comments constitute reversible error. In both *Yates* and *Holman*, the prosecutor's remarks were so clearly prejudicial and improper as to constitute reversible error. Those cases simply do not apply here.

■ In this case, the prosecution's comments, while sarcastic and of limited assistance to the sentencing judge, were not improper. At the sentencing hearing, the court stated it reviewed the entire transcript of the original trial, as well as the presentence report. The State presented no evidence in aggravation, but asked the court to take judicial notice of the transcript of the trial, transcript of the previous sentencing hearing, and all exhibits previously admitted into the record. The court took judicial notice of the initial sentencing hearing and the factors in aggravation and mitigation. Upon consideration of those factors, the trial court, while disagreeing with the supreme court's decision, followed the order issued by the Illinois Supreme Court. No abuse of discretion by the trial court occurred. Absent an abuse of discretion, a sentence within the statutory limits will not be disturbed. *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517.

Defendant next contends the evidence of his outstanding prison behavior and lack of criminal record was not adequately taken into consideration by the trial judge as mitigating factors in his resentencing hearing. Defendant cites *People v. Daniels* (1988), 173 Ill. App. 3d 752, 527 N.E.2d 993, to support his contention that good prison behavior entitles him to a sentence reduction on remand. In *Daniels,*

the court ruled the evidence of good prison conduct following original sentencing does not, standing alone, entitle a defendant to sentence reduction on remand.

In *Daniels*, defendant was given a sentence which was four times greater than the sentence his accomplice received. The appellate court ruled the trial court abused its discretion by not taking into account defendant's rehabilitative potential. Defendant was only 18 years old at the time of sentencing and was about to complete his bachelor's degree at the time of appeal. These factors led the appellate court to conclude the trial court should have given some consideration to defendant's prison conduct, as well as defendant's youth, when determining defendant's rehabilitative potential. *Daniels*, 173 Ill. App. 3d at 756-57, 527 N.E.2d at 996.

In this case, the trial court adequately considered both defendant's prison behavior and criminal history during resentencing. The court stated:

> "We hear today that this is a much different person who is not befuddled by alcohol and drugs, prepared to live a meaningful life. And I am not belittling the strides of improvement that the defendant may have made since the time that he has been incarcerated, not only improving his ability to communicate, but cleaning up his personal conduct as well. Those are to be commended, but they do not reduce the seriousness of the offense ***.

> This is a defendant who had no significant criminal record before this incident. He had incidents of violence and abuse, but he was not charged or found guilty and therefore had only a minor criminal background ***.

> I can think of no more serious a crime than to murder a defenseless infant. Infant who can in no way ward off the blows that are being imposed.

> Therefore, it will be the judgment of this court based upon the verdict guilty of the offense of murder that you serve a term of 40 years in the Department of Corrections."

The trial court did consider defendant's good prison conduct and lack of criminal record. It simply found the seriousness of the offense required the maximum sentence. The trial court did not abuse its discretion in imposing the maximum sentence allowed. The defendant murdered a defenseless seven-month-old child by first striking the child's body against an object with such force the child's liver ruptured, and then smothering the child to death. We need not recount the other injuries suffered by the infant. The sentence imposed was

within the statutory limitations, and a sentence within statutory limits will not be disturbed on review absent an abuse of discretion. (*Reid*, 160 Ill. App. 3d 491, 513 N.E.2d 517.) The sentence here was proper and was imposed because of the seriousness of the offense, not because the prosecutor or the trial judge disagreed with the supreme court.

Affirmed.

GREEN and STEIGMANN, JJ., concur.