THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY L. LIVENGOOD, JR., Defendant-Appellant.

Fourth District   No. 4—91—0414

Opinion filed December 19, 1991.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The Adams County circuit court revoked defendant's probation and sentenced him to three years' imprisonment. Defendant appeals the sentence imposed. We affirm.

An information filed in February 1990 charged defendant, then 27 years old, with three counts of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and three counts of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)). Defendant entered a plea agreement and in March 1990, pleaded guilty to one count of burglary. The court accepted the plea and, in June 1990, sentenced defendant to 18 months' probation. The sen-

tencing order stated defendant was not to consume alcohol and stated: "Evidence being held may be released to lawful owner with the exception of the defendant's vehicle which shall be held pending forfeiture."

In February 1991, the State filed a petition to revoke defendant's probation. The petition alleged defendant violated probation when, in November 1990, he committed the offenses of driving under the influence (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)), illegal transportation of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502), and driving without taillights (Ill. Rev. Stat. 1989, ch. 95½, par. 12—201(b)). He also violated probation when he consumed alcohol that same date. (We note that in February 1991, the court had sentenced defendant to one year's probation on the aforementioned traffic offenses, and ordered him to attend Alcoholics Anonymous (AA) meetings and complete DUI evaluation and classes at Recovery Resources.)

On April 24, 1991, defendant admitted to the allegations in the petition to revoke probation and the court revoked his probation.

At the sentencing hearing on May 30, 1991, Illinois State Police Officer Robert Ryan testified he had stopped defendant on May 3, 1991, after the car defendant was driving crossed the centerline of the highway several times. Defendant's eyes were bloodshot, his speech slurred, and his breath smelled of alcohol. Defendant failed all three field-sobriety tests administered. Defendant informed Ryan his driver's license had been revoked in February 1991 after a DUI arrest. Defendant informed the court he sold his car so he would not drive anymore.

After reviewing defendant's presentence report, the court stated:

> "I am not going to endanger the people that travel on the streets of this State for someone *** who knew he was in trouble, that he was on probation. It's not enough that you got caught doing it once; you did it again, a second DUI in a short period of time. You, sir, pose a threat to the citizens of the State, and you don't want to take the helping hand that is offered to you through counseling in alcohol, and how to straighten your life up through probation so you can lead a decent life, so I have got to show you what the other alternative is. You have been given the chance and didn't take advantage of it. I wish you had.
>
> Having regard to the nature and circumstances of the offense, and the history, character, and condition of the offender, the Court is of the opinion that imprisonment is necessary for the protection of the public, that additional probation or conditional discharge would deprecate the seriousness of his conduct and would be inconsistent with the ends of justice."

The court sentenced defendant to three years' imprisonment on the original burglary conviction. The court later denied defendant's motion to vacate the admissions made on the petition to revoke probation. The defendant appeals.

■ The first issue on appeal is whether the court erred in failing to advise defendant of the possibility of treatment under the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 6351—1 *et seq.*). Section 10—101 of the Act allows an addict or alcoholic convicted of a crime to elect treatment. (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1.) Section 10—102 of the Act provides, in pertinent part:

> "If a court has reason to believe that an individual who is charged with or convicted of a crime is an addict or alcoholic and the court finds that he is eligible to make the election provided for under Section 10—101, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a designated program." Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.

An alcoholic is defined as:

> "a person who suffers from an illness characterized by preoccupation with alcohol which is typically associated with physical disability and impaired emotional, occupational or social adjustments as a direct consequence of loss of control over consumption of alcohol and demonstrated by persistent and excessive use of alcohol such as usually leads to intoxication if drinking is begun; by chronicity; by progression; and by tendency toward relapse." Ill. Rev. Stat. 1989, ch. 111½, par. 6351—3.

The Illinois Supreme Court has held a similar provision of the predecessor statute, the Dangerous Drug Abuse Act (see Ill. Rev. Stat. 1979, ch. 91½, par. 120.10), required the trial judge to inform eligible defendants of the possibility of treatment; the admonishment was deemed mandatory. (*People v. Richardson* (1984), 104 Ill. 2d 8, 17, 470 N.E.2d 1024, 1029.) The court also stated, however:

> "The purpose of the statute is informational. But, unless the defendant already knows that he may be eligible for treatment under the Act, he will not know that he needs any consent. *** There seems little point to a statute which requires a judge to tell the defendant something he already knows. The statute is meaningful only if we assume that the defendant is unaware of his possible eligibility ***." *Richardson*, 104 Ill. 2d at 16-17, 470 N.E.2d at 1028-29.

See also *People v. Bean* (1986), 145 Ill. App. 3d 863, 865, 496 N.E.2d 295, 296-97 (applying the above *Richardson* analysis in context of the Act).

Defense counsel in this case requested a residential treatment program for his client, though defendant had not yet been evaluated by the Treatment Alternatives to Street Crimes program. These statements indicate defendant was fully aware of the possibility of electing treatment under the Act, and was seeking such consideration by the court. The trial court was not, therefore, obligated to inform him of the option to elect treatment pursuant to the Act.

■ We note, however, that on appeal the parties have instead focused their arguments on what has been described as the threshold question in cases: "Was the information before the court sufficient to give the court 'reason to believe' defendant is an alcoholic?" (*People v. O'Bannon* (1990), 195 Ill. App. 3d 430, 431, 552 N.E.2d 397, 397.) The phrase "reason to believe" has been deemed the semantic equivalent of "probable cause." (*People v. Jones* (1985), 132 Ill. App. 3d 764, 767-68, 477 N.E.2d 836, 839; *People v. Santana* (1987), 161 Ill. App. 3d 833, 515 N.E.2d 715.) "Whether there is reason to believe that an individual is an addict must be determined from the facts brought to the attention of the trial court." (*Santana*, 161 Ill. App. 3d at 841, 515 N.E.2d at 720-21.) Accordingly, we will briefly address the issue from that perspective.

Defendant argues there was sufficient evidence to give the trial court reason to believe he was an alcoholic. The presentence investigation report and supplement indicate defendant was intoxicated on February 4, 1990, when he committed the burglary. His wife indicated they separated for a period of time in 1990 because of defendant's alcohol consumption. Defendant was arrested for DUI in 1984 and subsequently completed four DUI classes. Defendant's driver's license was apparently revoked after his February 1990 DUI conviction. Although he attended the AA meetings as required, he did not complete evaluation and classes at Recovery Resources. Defendant contends this evidence should have led the trial court to conclude he was an alcoholic.

■ The State contends the evidence shows defendant had an alcohol problem, but did not provide the court with a reason to believe defendant was an alcoholic within the meaning of the Act. We agree.

The presentence investigation report and supplement indicate defendant is in good physical health. The amount of alcohol he consumed depended upon the amount of money he had to spend. Defendant never described himself as an alcoholic; indeed, he indicated he did not feel he had an alcohol problem. There was no evidence showing defendant had a "preoccupation with alcohol which is typically associated with physical

disability and impaired emotional, occupational or social adjustments," and thus he did not meet the statutory definition of an alcoholic. (Ill. Rev. Stat. 1989, ch. 111½, par. 6351—3.) However, even if the trial court had specifically addressed the issue and concluded defendant was an alcoholic, as we have stated above, there would have been no error in failing to inform defendant of his eligibility to elect treatment as he already knew of this option. There would also be no error in refusing to order such treatment because the trial court here had ample evidence to conclude, and did so conclude, the defendant's imprisonment was necessary for the protection of the public.

The second issue on appeal is whether the court abused its discretion in revoking defendant's probation and sentencing him to three years' imprisonment. We find no abuse of discretion.

Defendant argues the court failed to give adequate weight to mitigating evidence and to his rehabilitative potential. The mitigating evidence consisted of statements from employers describing defendant as hardworking and dependable, the positive relationship he shared with his children, and his problem with alcohol.

Burglary is a Class 2 felony (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(b)), and the minimum sentence for a Class 2 felony is three years' imprisonment (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(5)). Another sentence of probation would, as the trial court stated, deprecate the seriousness of the offense and would not protect the public. Probation had proved ineffective. This did not speak well of his rehabilitative potential. While a defendant's rehabilitative potential is one factor to consider in determining the appropriate sentence, it need not be regarded as outweighing other relevant factors militating against it. "Absent an abuse of discretion, a sentence within the statutory limits will not be disturbed." (*People v. Lucas* (1991), 215 Ill. App. 3d 148, 154, 574 N.E.2d 850, 854.) The trial court did not abuse its discretion in refusing to order probation or in sentencing defendant to the minimum term of imprisonment for a Class 2 felony.

The sentence imposed by the Adams County circuit court is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.